STATE, EX REL. HARVEY E. GLATFELTER ET AL., APPELLANT,
v. ERNEST CLARK ET AL., APPELLEES.

FILED APRIL 11, 1921.   No. 21825.

Mandamus: SUFFICIENCY OF PLEADINGS. Pleadings examined, and, as against the objections made, *held* sufficient to warrant a writ of mandamus.

APPEAL from the district court for Merrick county: A. M. POST, JUDGE. *Reversed, with directions.*

*W. T. Thompson* and *J. C. Martin,* for appellant.

*Walter R. Raecke* and *Horth & Ryan,* contra.

FLANSBURG, J.

This is a companion case to *State v. Hart,* p. 61, *post.* This action is to procure a writ of mandamus against the county board of health of Merrick county, to require it to

abate a nuisance, such as is set up and described in the petition in the *Hart* case. One of the ponds declared to be a nuisance in that case extended beyond the city limits and, therefore, as to such part outside of the city, was within the jurisdiction of the county board, and is the part here involved. The petitions and the alternative writs which were issued in the two cases are substantially alike.

The duties and powers of the county board are fixed by section 2737, Rev. St. 1913 (as amended by chapter 55, Laws 1919), and section 2738, Rev. St. 1913. By the latter section, the county board is ordered to obey the rules and regulations of the state board of health, one of which, by the admissions in the briefs, appears to be: "It shall be the duty of the county board of health to formulate rules and regulations to protect the people against communicable diseases, nuisances, and the exposing of offensive matter, and such other rules and regulations as will prevent the introduction and spread of disease, and the exposing of offensive accumulations that will in any way tend to discomfort the person or endanger the health of any or all members of the community. * * * Nuisances shall be abated according to the law, and according to rules and regulations."

Whether or not, when such a nuisance is admitted to exist, the statute itself is mandatory upon the county board that it shall abate the nuisance, or whether the statute simply confers the power, is not raised nor argued (28 Cyc. 269), though it seems to be conceded that the statute in such event may be construed as mandatory, and it is not disputed that the above regulation, made by the board, is one which the county board is required to obey.

Respondents in this case demurred to the alternative writ, raising specifically the same objections as in the other case. Having admitted that the nuisance exists, as alleged, it seems to us that, under the statute and regulations above set out, it became the affirmative duty of the

county board to act, and that such duty could be required by mandamus.

It is to be further noted in this case that the county board had specific statutory power to make rules and regulations to prevent nuisances and unsanitary conditions, and to provide penalties for the violation thereof. Such a rule or regulation, with proper penalties provided, might have been found sufficient to cause an abatement of the nuisance.

The same questions are raised in this case as in *State v. Hart, supra,* and for the reasons therein given the case is reversed and remanded. It is therefore ordered that unless further answer is made by respondent, judgment be entered in favor of the relators upon the pleadings, and that a peremptory writ issue.

REVERSED.